UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| LOT 219, PITTMAN PARK, a.k.a. | § | |
| 4333 SUBLIME TRAIL, | § | |
| ATLANTA, GEORGIA, | § | |
| Defendant. | § | |

VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the above-entitled Defendant real property.  The Defendant, 4333 Sublime Trail in Atlanta, Georgia, will be referred to as the "Defendant Property."  The United States alleges on information and belief as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Acts and omissions giving rise to this forfeiture occurred in the Southern District of Texas.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a).

1

<u>THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE</u>

3.   The Defendant Property is real property located at 4333 Sublime Trail, Atlanta, Georgia 30349, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

> All that tract or parcel of land lying and being in Land Lot 162 of the 9F District, Fulton County, Georgia, being Lot 219, Pittman Park Subdivision, Phase II, as per plat recorded in Plat Book 325, Pages 93-104 and revised plat recorded in Plat Book 326, Pages 3-14, Fulton County, Georgia Records, which plats are incorporated herein by reference and made a part of this description.

The record owner of the Defendant Property is Erroll B. Myrick.   It is believed that the Defendant Property was purchased with money traceable to a counterfeit check, as described more fully below.

<u>STATUTORY BASIS FOR FORFEITURE</u>

4.   This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. §981(a)(1)(C), which provides for the forfeiture of   "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."   Title 18 U.S.C. §1343 (wire fraud) and Title 18 U.S.C. §1344 (bank fraud) are "specified unlawful activity" pursuant to 18 U.S.C. §1956(c)(7).   Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as real property which constitutes or is

derived from proceeds traceable to specified unlawful activity, including but not limited to bank and wire fraud.

5.   This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property."   Conducting a financial transaction involving more than $10,000 in proceeds of specified unlawful activity is money laundering in violation of 18 U.S.C. § 1957.   Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. § 1957.

## FACTS

6.   On or about October 6, 2014, a counterfeit check for $500,000.00 was deposited into a Bank of America, N.A. account with an account number ending in 8782 ("Initial Account x8782").   The receiving bank account had been opened the same day, October 6, 2014, at a bank branch in Humble, Texas, which is in the Southern District of Texas.

7.   On or about October 22, 2014, a transfer of $450,000.00, initiated in Houston, Texas, in the Southern District of Texas, was made to a Bank of America, N.A. escrow account with an account number ending in 7953 ("Intermediate

3

Account x7953").   Those funds constitute or are derived from proceeds traceable to specified unlawful activity, and the wire transfer was a financial transaction with proceeds from specified unlawful activity that exceed $10,000.

8.   On or about October 23, 2014, funds in the amount of $450,000.00 were wire transferred from Intermediate Account x7953 to an account at Georgia Commerce Bank in Atlanta, Georgia, for an attorney who had been engaged to assist with a real estate transaction.   Those funds constitute or are derived from proceeds traceable to specified unlawful activity, and the wire transfer was a financial transaction with proceeds from specified unlawful activity that exceed $10,000.

9.   On or about October 23, 2014, the attorney wired approximately $300,000.00 for use in purchasing the Defendant Property.   The wire transfer was a financial transaction directed by the client that included proceeds from specified unlawful activity that exceeded $10,000.

10.   On or about October 24, 2014, the Defendant Property was purchased with proceeds for a contract sales price of $272,185.00.   The funds paid for the Defendant Property at closing constitute or are derived from proceeds traceable to specified unlawful activity, and the purchase transaction was conducted with proceeds from specified unlawful activity that exceed $10,000.

4

11.    Under the totality of the circumstances, it is believed that the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to specified unlawful activity; and under 18 U.S.C. § 981(a)(1)(A) as property involved in, or traceable to, money laundering.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   The verified claim must be filed no later than 35 days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than 21 days after filing the claim.   The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

PRAYER

The United States will serve notice, along with a copy of the Complaint, on the titled property owner and on persons who reasonably appear to be potential claimants. The United States seeks a final judgment forfeiting the Defendant Property to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

By: _Kristine E. Rollinson_
Kristine E. Rollinson
SDTX Federal No. 16785
Texas State Bar No. 00788314
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## **VERIFICATION**

I, Matthew S. Boyden, a U.S. Postal Inspector employed by the United States Postal Inspection Service, declare under the penalty of perjury, as provided by 28 U.S.C. ' 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 3 and 6-10 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Date: March 12, 2015

Matthew S. Boyden
United States Postal Inspector
U.S. Postal Inspection Service

7